**SAYRE & LEVITT, LLP**
Federico C. Sayre, Esq., (SBN: 67240)
Adam Salamoff, Esq., (SBN: 193686)
Francis X. Flynn, Esq., (SBN 131919)
333 Civic Center Drive West
Santa Ana, California 92701
(714) 550-9117 Telephone
(714) 716-8445 Facsimile

Attorneys for TRAVIS MOCK

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS MOCK, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SANTA ANA; PETER PICONE, an individual; JOHN RODRIGUEZ, and individual; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO: <br><br> PLAINTIFF'S COMPLAINT FOR: <br> 1. DEPRIVATION OF CONSTITUTIONAL RIGHTS (42 USC 1983) <br> 2. MONELL CLAIM <br> 3. ASSAULT <br> 4. BATTERY <br> 5. NEGLIGENCE <br><br> [DEMAND FOR JURY TRIAL] |

Plaintiff TRAVIS MOCK alleges and complains as follows:

## INTRODUCTION

1. This is an action to redress Fourth and Fourteenth Amendment constitutional violations undertaken by Santa Ana police officers Peter Picone and John Rodriguez of the Santa Ana Police Department.

///

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Plaintiff MOCK submitted a timely government claim for all state law causes of action and, on November 19, 2013, that government claim was denied. See Exhibit 1.

## JURISDICTION

3. Under U.S. Const. art. III § 2, this Court has jurisdiction because the rights sought to protected and vindicated herein are secured by U.S. Const. amend IV, V, and XIV. Jurisdiction is proper pursuant to 28 USC § 1331 as this court has original jurisdiction for claims arising under the U.S. Constitution and the laws of the United States.

## VENUE

4. Defendants are properly before this Court because, with respect unlawful acts alleged herein, "a substantial part of the events upon which this action is based occurred in this district." 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff TRAVIS MOCK ("MOCK") was, at the time of the incidents herein alleged, a resident of Orange County, California.

6. Defendant PETER PICONE ("PICONE") is and was at all times relevant a police officer, badge no. 3138, employed by Defendant City of Santa Ana and was at all times, with respect to the conduct complained of, acting as a sworn peace officer pursuant to and under color of state laws. PICONE is sued in his individual and official capacities.

7. Defendant JOHN RODRIGUEZ ("RODRIGUEZ") is and was at all times relevant a police officer, badge no. 1997, employed by Defendant City of Santa Ana and was at all times, with respect to the conduct complained of, acting as a sworn peace officer pursuant to and under color of state laws. RODRIGUEZ is sued in his individual and official capacities.

8. Defendant CITY OF SANTA ANA ("SANTA ANA") is and was, at all times relevant, a political subdivision of and within the County of Orange of the State of California. SANTA ANA was at all times acting by and through the Santa Ana Police Department that – in turn – was acting pursuant to and under color of state laws with respect to the conduct which is herein complained.

9. Defendants DOES 1 through 10 are officers, agents, or employees of SANTA ANA and, further, are believed to be employees of SANTA ANA. DOES 1 through 10, or some of them, either deprived the Plaintiff of or otherwise infringed upon the Plaintiff's constitutional rights secured by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. DOES 1 through 10 are in some manner responsible for the harm and deprivations of rights suffered by the Plaintiff. DOES 1 through 10, in engaging in the conduct herein complained of, were at all times acting within the course and scope of their employment with SANTA ANA and/or in their capacity as a law enforcement officer acting pursuant to state law. The precise identities of DOES 1 through 10 are currently unknown by the Plaintiff, but substitutions of those DOES will be sought once their identities have been ascertained.

## FACTS

10. Plaintiff MOCK was, on March 15, 2013, a driver travelling in a motor vehicle with Jason Hallstrom. Defendants PICONE and RODRIGUEZ attempted to stop the vehicle. Once the vehicle was stopped, Plaintiff MOCK ran away from the vehicle and away from the location where the officers were located.

11. Plaintiff MOCK did not have any weapons and because he was not approaching or engaging Defendants PICONE and RODRIGUEZ, the use of deadly force was not justified or lawful.

12. Notwithstanding, Defendants PICONE and/or RODRIGUEZ drew their service weapons and open fire upon Plaintiff MOCK and thereby employed the use of deadly force. This use of deadly force was not in response to deadly

force or any reasonably subjective or objective belief that the use of deadly force was justified.

13. Due to PICONE and/or RODRIGUEZ' use of deadly force through the discharge of their firearms, Plaintiff was shot in the back suffering serious physical injury, pain and suffering, and medical expenses while passenger Hallstrom was killed and died.

14. By shooting at the Plaintiff, which hit him in the back, PICONE and/or RODRIGUEZ intended to cause injury to the Plaintiff or, alternatively, acted deliberately and recklessly without due regard for Plaintiff's health, safety, welfare, and being.

15. As a result of the foregoing, Plaintiff suffered injuries including, without limitation, a deprivation of constitutional rights, emotional distress, conscious pain and suffering, and such other damages or injuries as may be established at the time of trial.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS

[By Plaintiff vs. PICONE, RODRIGUEZ, SANTA ANA, and DOES 1 through 2]

16. MOCK hereby repeats, re-alleges and incorporates each and every allegation in the foregoing paragraphs as through more fully set forth herein.

### Count 1 – Violation of Fourth Amendment
### (Unlawful and Unreasonable Use of Force)

17. On March 15, 2013, PICONE, RODRIGUEZ, and SANTA ANA, acting together with and/or through DOES 1 and 2 or some of them, utilized force without legal justification or, alternatively, used excessive force beyond that which was reasonable and lawful in violation of the Fourth Amendment and MOCK's Fourth Amendment constitutional right to be free from unlawful and unreasonable force.

## Count 2 – Violation of Fourth Amendment

(Unlawful Seizure of Person without Probable Cause)

18. On March 15, 2013, PICONE, RODRIGUEZ, and SANTA ANA, acting together with and/or through DOES 1 and 2 or some of them, seized MOCK's person without probable cause or legal justification. PICONE, RODRIGUEZ, and SANTA ANA, acting together with and/or through DOES 1 and 2 or some of them, seized MOCK in violation of the Fourth Amendment and MOCK's Fourth Amendment constitutional right to be free from an unlawful seizure.

19. In undertaking the aforementioned conduct set forth in the foregoing paragraphs, PICONE, RODRIGUEZ, and SANTA ANA, acting together with and/or through DOES 1 through 2, were acting as law enforcement officers under color and authority of California's state laws, ordinances, regulations, customs, and/or usages when they decided to physically assault MOCK without legal justification and seize MOCK's person without probable cause.

20. In undertaking the aforementioned conduct set forth in the foregoing paragraphs, PICONE, RODRIGUEZ, and SANTA ANA, acting together with and/or through DOES 1 through 2, subjected or caused MOCK to be subjected to a deprivation of rights, privileges, and/or immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution and/or other laws by depriving MOCK of his right to be free from an unlawful use of force and an unlawful seizure of his person where said rights are guaranteed by the Fourth Amendment and made applicable to the Defendants and DOES 1 through 2 through the Fourteenth Amendment.

21. In undertaking the aforementioned conduct set forth in the foregoing paragraphs, there is no qualified immunity for the conduct of the Defendants and DOES 1 through 2 because every citizen has a constitutional right to be free from

COMPLAINT FOR DAMAGES

unreasonable and unlawful uses of force, unlawful seizures of their person, and to not be deprived of constitutional rights. A reasonable law enforcement officer in the place of the defendants would have known that the use of unlawful force, unreasonable force, and the unlawful seizure of the person was a violation of clearly established constitutional principles. These constitutional rights were clearly established as at the time Defendants and DOES 1 through 2, or some of them, engaged in the conduct of which is herein complained.

22. As a result of the conduct of Defendants and DOES 1 through 2, MOCK suffered a deprivation and loss of civil rights and other injuries and damages for which he is entitled to compensation at trial in an amount according to proof.

## SECOND CLAIM FOR RELIEF
## SECTION 1983; MONELL CLAIM
[By Plaintiff vs. SANTA ANA and Does 3 through 10]

23. MOCK hereby repeats, re-alleges and incorporates each and every allegation in the foregoing paragraphs as through more fully set forth herein.

24. SANTA ANA in conjunction with DOES 3 through 10, or some of them, employed policies, procedures, customs, or practices in violation of MOCK's constitutional rights under the Fourth and Fourteenth amendments. Alternatively, SANTA ANA in conjunction with DOES 3 through 10, or some of them, failed to adopt proper and adequate policies, procedures, customs, or practices that were adequate to guard against the deprivations of MOCK's constitutional rights under the Fourth and Fourteenth amendments.

25. More specifically, plaintiff is informed and believes that SANTA ANA, acting by and through the Santa Ana Police Department, and Does 3 through 10, or some of them, maintained policies, procedures, customs, or practices that permitted or authorized PICONE, RODRIGUEZ and DOES 1 through 2, or some of them, to fire their service weapons at MOCK when such force was not

reasonable or necessary and, further, to arrest MOCK when seizure was not reasonable, necessary, or with probable cause.

26. MOCK is informed and believes that the conduct of PICONE, RODRIGUEZ and DOES 3 through 10, or some of them, conformed to official policy, custom, practice, or procedure when it was undertaken by them. Said official policy, custom, practice, or procedure was a substantial factor in causing Plaintiff's harm and resulted in damages in an amount to be determined by the jury.

### THIRD CLAIM FOR RELIEF
### ASSAULT
[By Plaintiff vs. PICONE, RODRIGUEZ, SANTA ANA, and DOES 1 through 2]

27. MOCK hereby repeats, re-alleges and incorporates each and every allegation in the foregoing paragraphs as through more fully set forth herein.

28. Defendants PICONE, RODRIGUEZ, and DOES 1-2, in drawing their firearms and discharging them, acted with the intention to cause harmful or offensive contact.

29. Plaintiff MOCK ran away from the direction of the Defendants reasonably believing that he was about to be touched in a harmful or an offensive manner.

30. Plaintiff MOCK did not consent to being the target of a discharged firearm.

31. Plaintiff MOCK was shot and harmed.

32. The conduct of Defendants PICONE, RODRIGUEZ, and DOES 1-2, was a substantial factor in causing harm.

### FOURTH CLAIM FOR RELIEF
### BATTERY
[By Plaintiff vs. PICONE, RODRIGUEZ, SANTA ANA, and DOES 1 through 2]

33. MOCK hereby repeats, re-alleges and incorporates each and every allegation in the foregoing paragraphs as through more fully set forth herein.

34. Defendants PICONE, RODRIGUEZ, and DOES 1-2 caused Plaintiff MOCK to be touched with the intent to harm him when they fired at him with their guns.

35. Plaintiff MOCK did not consent to being touched with the bullets from the Defendants' firearms.

36. Plaintiff MOCK was shot and harmed.

37. A reasonable person in MOCK's situation would have been offended by the touching.

## FIFTH CLAIM FOR RELIEF

## NEGLIGENCE

[By Plaintiff vs. PICONE, RODRIGUEZ, SANTA ANA, and DOES 1 through 2]

38. MOCK hereby repeats, re-alleges and incorporates each and every allegation in the foregoing paragraphs as through more fully set forth herein.

39. Defendants PICONE, RODRIGUEZ, and DOES 1-2, owed Plaintiff MOCK a legal duty as sworn peace officers to uphold the law, protect the citizens of the state, and to refrain from the use of deadly force unless confronted by deadly force.

40. Defendants PICONE, RODRIGUEZ, and DOES 1-2 breached their legal duties owed to Plaintiff MOCK by permitting their conduct to fall below the required standard of care. Particularly, PICONE, RODRIGUEZ, and DOES 1-2 used deadly force without being confronted with deadly force and, as a result, shot both the Plaintiff and his friend in violation of police officers safety training department policies.

41. Plaintiff MOCK suffered personal injury, pain and suffering, and economic loss as a result of being negligently shot by the defendants.

42. Defendants; conduct was the actual and factual cause of Plaintiff's injuries and the Defendants' conduct was a substantial factor in bringing about the harm so endured by the Plainitff.

### PRAYER

Wherefore, the PLAINTIFF demands the following relief, jointly and severally, against all the defendants:

1. General damages in an amount to be proven at trial;
2. Special damages in an amount to be proven at trial;
3. Damages for any loss of earnings according to proof;
4. Punitive Damages;
5. Pre-judgment interest to the extent permitted by law;
6. For costs of suit incurred herein;
7. Attorney fees pursuant to 42 U.S.C. § 1988; and
8. For such other and further relief as this Court deems just and proper.

Dated: May 19, 2014

SAYRE & LEVITT, LLP

_____
Federico C. Sayre, Esq.
Adam L. Salamoff, Esq.
Francis X. Flynn, Esq.
Attorneys for Plaintiff MOCK

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the above-entitled action.

Dated: May 19, 2014

SAYRE & LEVITT, LLP

_____
Federico C. Sayre, Esq.
Adam L. Salamoff, Esq.
Francis X. Flynn, Esq.
Attorneys for Plaintiff MOCK