UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 8:14-cv-00778 CAS (FFMx) | Date | May 5, 2015 |
|---|---|---|---|
| Title | TRAVIS MOCK V. CITY OF SANTA ANA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers)** DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Travis Mock filed this action on May 19, 2014, against the City of Santa Ana, Santa Ana police officers Peter Picone ("Picone") and John Rodriguez ("Rodriguez"), and Does 1 to 10. The complaint alleges claims for: (1) unlawful seizure and unlawful and unreasonable use of force in violation of the Fourth Amendment to the United States Constitution; (2) municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978); (3) assault; (4) battery; and (5) negligence. See generally Compl.

Plaintiff alleges that on March 15, 2013, plaintiff and a passenger, Jason Hallstrom, were traveling in a motor vehicle when defendants Picone and Rodriguez attempted to stop the vehicle. Compl. ¶ 10. When the motor vehicle stopped, plaintiff and the passenger ran away from the vehicle and the police officers. Id. Plaintiff contends that he was not in possession of a weapon at the time and "was not approaching or engaging" the officers, so that the "use of deadly force was not justified or lawful." Id. ¶ 11. Defendants drew their service weapons and opened fire on the fleeing pair, hitting plaintiff once in the back. Id. ¶ 12. Plaintiff suffered multiple injuries, and Hallstrom was killed. Id. ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 8:14-cv-00778 CAS (FFMx) | Date | May 5, 2015 |
|---|---|---|---|
| Title | TRAVIS MOCK V. CITY OF SANTA ANA | | |

On March 2, 2015, plaintiff pled guilty to and was convicted of: (1) a felony violation of California Vehicle Code section 2800.2 (evading a peace officer/reckless driving), (2) a felony violation of California Vehicle Code section 10851(a) (unlawful taking of a vehicle), (3) a misdemeanor violation of California Health & Safety Code section 11377(a) (possession of a controlled substance), and (4) a misdemeanor violation of California Penal Code section 148(a)(1) (resisting a peace officer in the lawful performance of his duties). See Dkt. No. 36 Ex. C.[1]

On March 25, 2015, defendants moved for judgment on the pleadings. Dkt. No. 36. Plaintiff has not opposed the motion.

II. **LEGAL STANDARD**

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

---

[1] A federal district court may take judicial notice of entries on a criminal docket sheet and similar court records. See Fed. R. Evid. 201(b); Fidelity Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA, No. 9-CV-140-GPC-KSC, 2014 WL 4909103, at *1 n.3 (S.D. Cal. Sept. 30, 2014) (citing Rosales-Martinez v. Palmer, 753 F.3d 890, 894–95 (9th Cir. 2014), and United States v. Strickland, 601 F.3d 963, 969 (9th Cir. 2010) (en banc)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 8:14-cv-00778 CAS (FFMx) | Date | May 5, 2015 |
|---|---|---|---|
| Title | TRAVIS MOCK V. CITY OF SANTA ANA | | |

  In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). For purposes of a Rule 12(c) motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).

  On a motion for judgment on the pleadings, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999).

  By its terms, Rule 12(c) neither permits nor bars partial judgment on the pleadings. Courts have commonly applied Rule 12(c) to individual causes of action. See, e.g., Moran v. Peralta Cmty. Coll. Dist., 825 F. Supp. 891, 893 (N.D. Cal. 1993) ("Courts . . . may dismiss causes of action rather than grant judgment.").

### III. DISCUSSION

  Defendants argue that all of plaintiff's claims are barred by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck the Supreme Court held:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 8:14-cv-00778 CAS (FFMx) | Date | May 5, 2015 |
|---|---|---|---|
| Title | TRAVIS MOCK V. CITY OF SANTA ANA | | |

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486–87. The Court concludes that some—but not all—of plaintiff's claims are barred by Heck as a matter of law.

### A. Plaintiff's Unlawful Seizure Claim

In his first claim for relief, plaintiff alleges that defendants did not have probable cause or legal justification to seize his person. Compl. ¶¶ 18–22. Defendants argue under Heck that plaintiff's subsequent convictions for vehicle theft and possession of a controlled substance bars his current claim for unlawful seizure. Because a finding that the officers lacked probable cause to arrest Mock would necessarily undermine the validity of those convictions, the Court agrees. See Hart v. Parks, 450 F.3d 1059, 1069 (9th Cir. 2006) ("Because police had probable cause to arrest him, Hart's false arrest claim necessarily fails."); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) ("[F]inding there was no probable cause would 'necessarily imply' that [plaintiff]'s conviction for disturbing the peace was invalid. Therefore, under Heck, [plaintiff]'s false arrest and imprisonment claims were not cognizable and did not accrue until his conviction was invalidated."); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("[Because plaintiff entered an Alford plea to assault with a deadly weapon] there is no question that Heck bars [plaintiff]'s claims that defendants lacked probable cause to arrest him."). Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's claim for unlawful seizure in violation of the Fourth and Fourteenth Amendments.

### B. Excessive Force Claims

Counts One, Three, Four, and Five of the complaint allege that plaintiff was injured by defendants' unreasonable use of deadly force. See generally Compl. Defendants argue that these claims are also barred by Heck, because plaintiff was subsequently convicted for violating Penal Code § 148(a)(1), which proscribes "willfully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 8:14-cv-00778 CAS (FFMx) | Date | May 5, 2015 |
|---|---|---|---|
| Title | TRAVIS MOCK V. CITY OF SANTA ANA | | |

resist[ing], delay[ing], or obstruct[ing] any . . . peace officer . . . in the discharge or attempt to discharge . . . his or her office of employment." Mock's conviction for violating section 148(a)(1) necessarily implies that: (1) Mock willfully resisted, delayed or obstructed a peace officer, (2) Picone and Rodriguez were engaged in the lawful performance of their duties, and (3) Mock knew or should have reasonably known that Picone and Rodriguez were officers engaged in the lawful performance of their duties. See Yount v. City of Sacramento, 43 Cal. 4th 885, 894–95 (2008). An officer who utilizes excessive or unreasonable force to effect an arrest is not "engaged in the lawful performance of his duties." See People v. Olguin, 119 Cal. App. 3d 39, 45 (1981) ("[I]f [the jury] found the arrest was made with excessive force, the arrest was unlawful and they should find the defendant not guilty of those charges which required the officer to be lawfully engaged in the performance of his duties."). Thus, defendants argue, Mock's conviction necessarily means that the defendant officers did not use excessive force. The Court disagrees in part.

"A police officer in California may use reasonable force to make an arrest, prevent escape or overcome resistance." Campos v. City of Merced, 709 F. Supp. 2d 944, 963 (E.D. Cal. 2010). In appropriate circumstances, officers are authorized to use deadly force against a suspect, but they "have a duty to act reasonably when using deadly force." Hayes v. County of San Diego, 57 Cal. 4th 622, 629 (2013). The reasonableness of an officer's conduct is determined in light of the totality of circumstances. Id. "An officer's use of deadly force is reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir.) cert. denied sub nom. Wyatt v. F.E.V., 135 S. Ct. 676 (2014). If the underlying facts of the case do "not support the use of deadly force" then a "claim alleging that [an officer's] use of deadly force was not a reasonable response to [a suspect's] criminal acts of resistance does not implicitly question the validity of [his] conviction for resisting the officers," and is not barred by Heck. See Yount, 43 Cal. 4th at 899 (quoting Muhammad v. Close, 540 U.S. 749, 751 (2004)).

Thus, when deadly force is used in response to a resisting subject, a separate Heck analysis may be necessary. Id. Otherwise, Heck could be used to "severely diminish the protections available to those subject to arrest." Id. at 900. As the Supreme Court of California has noted, allowing a conviction under section 148(a)(1) to operate as a waiver of all claims of excessive force by officers would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-00778 CAS (FFMx) | Date | May 5, 2015 |
| Title | TRAVIS MOCK V. CITY OF SANTA ANA | | |

> imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages. Put another way, police subduing a suspect could use as much force as they wanted and be shielded from accountability under civil law as long as the prosecutor could get the plaintiff convicted on a charge of resisting.

Id. (internal quotation marks omitted) (quoting VanGilder v. Baker, 435 F.3d 689, 692 (7th Cir. 2006)). Thus, under Yount, Mock's conviction for violating Penal Code section 148 "encompasses his admission that he was resisting the officers up until the time he was shot." Id. at 898. To the extent that Mock challenges the defendants' use of reasonable force in arresting him, that claim is barred by Heck. Id.

However, if Mock's actions during his encounter with the police did not justify the use of deadly force, then his excessive force claims challenging the use of deadly force would not be barred. Mock alleges that he was unarmed during the encounter and did not use deadly force or otherwise commit actions that made the use of deadly force reasonable. See, e.g., Compl. ¶ 40 (alleging that the officers "used deadly force without being confronted with deadly force"). Moreover, determining whether the use of deadly force was reasonable under the circumstances necessitates a fact-sensitive consideration of several factors. See Gonzalez, 747 F.3d at 793–94. For these reasons, the Court cannot say at this stage of the litigation that Heck necessarily bars Mock's claims insofar as they challenge the use of deadly force by the defendant officers. Accordingly, the Court DENIES defendants' motion to dismiss these claims.

### C. Municipal Liability Claims

Plaintiff's constitutional excessive force claims are also brought against the City of Santa Ana through plaintiff's Monell allegations. Again, defendants argue that Heck bars all of these claims. For the reasons stated above, the Court finds that these claims, to the extent that they allege the unreasonable use of deadly force, are not necessarily barred by plaintiff's guilty plea. Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's municipal liability claims to the extent those claims are based on the allegedly improper use of deadly force.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 8:14-cv-00778 CAS (FFMx) | Date | May 5, 2015 |
|---|---|---|---|
| Title | TRAVIS MOCK V. CITY OF SANTA ANA | | |

## III. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss plaintiff's unlawful seizure claim and plaintiff's excessive force claims to the extent they encompass the use of reasonable force in effecting a lawful arrest. The Court **DENIES** defendant's motion to dismiss plaintiff's claims to the extent they challenge the allegedly unreasonable use of deadly force.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |