UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 8:14-cv-00778 CAS (FFMx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | TRAVIS MOCK V. CITY OF SANTA ANA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (In Chambers) ORDER RE: *EX PARTE* LETTER RECEIVED IN CHAMBERS

 The Court is in receipt of a letter from plaintiff Travis Mock, dated May 10, 2015. The Court construes this *ex parte* communication as a motion for clarification of the Court's May 5, 2015 order granting in part and denying in part defendant's motion for judgement on the pleadings, Dkt. No. 44. Plaintiff appears to construe that order as "dismissing [his] lawsuit with prejudice."

 However, the Court's May 5 order only dismissed one of plaintiff's claims, his claim for unlawful seizure in violation of the Fourth Amendment. Under the United States Supreme Court's decision in Heck v. Humphrey, because plaintiff has pleaded guilty to multiple felonies and misdemeanors stemming from his arrest, plaintiff may not pursue a claim for unlawful seizure or false arrest unless he can "prove that [his] conviction[s] . . . ha[ve] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994). That is because this Court could not find that plaintiff was seized without probable cause without necessarily undermining plaintiff's convictions. Moreover, the May 5 order did not state that plaintiff's unlawful seizure claim was dismissed "with prejudice." If plaintiff can show that his convictions have been reversed, expunged, or otherwise called into question, the Court will entertain a motion to allow plaintiff to reassert his unlawful seizure claim.

 The May 5 order denied defendant's motion to dismiss the rest of plaintiff's claims, finding that plaintiff could still pursue claims based on his allegations that the police officers unlawfully and unreasonably used excessive, deadly force in effecting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 8:14-cv-00778 CAS (FFMx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | TRAVIS MOCK V. CITY OF SANTA ANA | | |

plaintiff's arrest. Contrary to plaintiff's apparent understanding, the May 5 order does not prevent plaintiff from pursuing his claims for unlawful use of force, assault, battery, negligence, and municipal liability.

Given that plaintiff's lawsuit has not been dismissed, plaintiff does not need leave of Court to seek new legal representation. When and if plaintiff obtains new legal counsel, such counsel is directed to notify the Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |